UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-14186-ALTMAN

**JUSTIN W. SETTLE**,

    *Plaintiff*,

v.

**RICKY DIXON, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS**, *et al.*,

    *Defendants.*

_____/

## ORDER

    The Plaintiff, Justin Settle, has filed a civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. In that Complaint, Settle alleges that, while he was incarcerated, ten Defendants (1) violated his "Eighth Amendment right to be free from cruel and unusual punishment" by acting with deliberate indifference to his safety and medical needs; (2) violated his "Fourteenth Amendment right to due process" by "impound[ing]" his "personal clothing and jewelry"; (3) and violated his "First Amendment right to freedom of speech" by, among other things, "threaten[ing] to gas" him because he was "talking in his sleep[.]" *Id.* at 36–37 (cleaned up). Settle has also filed a motion for leave to proceed *in forma pauperis* ("IFP Motion") [ECF No. 3]. After carefully screening Settle's Complaint, we find that it violates the Federal Rules of Civil Procedure on several fronts. We therefore **DISMISS** his Complaint *without prejudice* and **GRANT** him leave to file an amended complaint.

## THE LAW

    The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility

who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

Settle's Complaint is defective in three ways. *First*, it's a shotgun pleading that doesn't comply with the Federal Rules of Civil Procedure. *Second*, Settle has named five fictitious Defendants and given us no way of identifying them. *Third*, Settle improperly joined one of the Defendants—Sergeant Rogers—to this case. We'll address each deficiency in turn.

### I.      Shotgun Pleading

For starters, Settle's Complaint is an impermissible shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must also "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of

3

circumstances." *Id.* 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings can fall into one (or more) of four general categories. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1322–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Settle's Complaint is anything but "short and plain." FED. R. CIV. P. 8(a)(2). It consumes 48 pages, contains 136 factual paragraphs, and lodges 14 claims against ten Defendants. *See generally* Compl.; *cf. Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (finding that the plaintiff's amended complaint was "an incomprehensible shotgun pleading" that was "neither 'short' nor 'plain'" because the complaint was "twenty-eight pages long" and "incorporated all 123 paragraphs of allegations into all sixteen counts" (quoting FED. R. CIV. P. 8(a)(2)). The Complaint *also* falls under the second category of shotgun pleading because it's "replete with . . . immaterial facts not obviously connected to any particular cause of action[.]" *Weiland*, 792 F.3d at 1322. Of the Complaint's 136 numbered paragraphs, only 74 are directly linked to Settle's 14 causes of action.[1] *See* Compl. at 35–37;

---

[1] In asserting his claims, in fact, Settle disregarded paragraphs 1–15, 27, 29–33, 38–49, 55–74, 77–84, 94–99, 101, 108, 113–14, 119, and 123–26. *See* Compl. at 35–37. These forgotten factual paragraphs include, for instance, assertions that "the Florida Department of Corrections has a flawed . . . file on record reflecting [Settle] as a member of [the] Aryan Brotherhood," *id.* ¶ 33; a literal blow-by-blow

*see, e.g.*, *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 819 (11th Cir. 2015) (calling the plaintiff's complaint a "classic shotgun pleading" because its "763 numbered paragraphs consist of factual allegations that are *not specifically tied* to any of the 69 enumerated causes of action" (emphasis added)).

With the Complaint looking as it does, determining the plausibility of Settle's claims would be "a massive waste of judicial and private resources," *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010), which is why shotgun pleadings are condemned by our Circuit—and it's why Settle's Complaint must be **DISMISSED**, *see Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints . . . would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." (cleaned up)); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (criticizing shotgun pleadings because, "in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous").

Although Settle's Complaint is deficient, we'll give him a chance to fix these problems in an amended complaint. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). In drafting his amended complaint, Settle must ensure that his factual allegations are properly pled, meaning that "the allegations in the complaint 'must be simple, concise, and direct,'" *LaCroix*, 627 F. App'x at 818 (quoting FED. R. CIV. P. 8(d)(1)), and the facts supporting his claims *must* be presented in a "short and plain statement . . . showing that

---

account of a fight between Settle and another inmate, *see id.* ¶¶ 38–49, and an altercation at breakfast with "C.O. Dunn," which was apparently observed by an inmate named "Zombie," *see id.* ¶¶ 55–74.

the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). We warn Settle that, if he fails to file a legally sufficient amended complaint, we'll dismiss his case without further leave to amend.

## II. The Unnamed Defendants

Next, Settle names five fictitious Defendants—"C.O. One," "C.O. Two," "Nurse Three," "C.O. Four," and "C.O. Five." Compl. at 5. Settle admits that he "has no way to discover [their] identities until a reasonable opportunity for discovery is presented[.]" *Ibid.* (cleaned up). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Still, "[t]here may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). And, in certain circumstances, a court may assist a *pro se* prisoner by ordering a non-party to disclose a defendant's identity. *See Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000) (noting "the difficulties faced by a prisoner in identifying alleged wrongdoers before filing a complaint" and directing "district courts to assist prisoners in discovering the identity of the proper defendants").

Before we do any of that, though, Settle must describe the five fictitious Defendants "with sufficient clarity" so that they can be identified in discovery. *Dean*, 951 F.2d at 1216; *see also Morris v. Hays SP Warden*, 638 F. App'x 880, 881 (11th Cir. 2016) ("[W]e have allowed the initial use of an unnamed defendant where discovery *would likely uncover* that defendant's identity." (emphasis added & citations omitted)); *Castle v. Cobb Cnty., Georgia*, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023) ("This Court has acknowledged that whether it is clear that discovery would uncover a defendant's identity is a relevant consideration when determining whether a plaintiff can pursue a claim against an unnamed defendant."). Settle has failed to do that here. We, after all, don't know *any* of these five Defendants' current employers, badge numbers, or even their physical features. *See generally* Compl. So, in Settle's amended complaint, each "unnamed defendant must be clearly described so as to be subject to service of process even without a name." *Castle*, 2023 WL 3772501, at *1. And, before we

allow Settle to discover these Defendants' identities, Settle must explain "what efforts [he] took to identify the unnamed defendants[.]" *Id.* at *2; *see e.g.*, *Morris*, 638 F. App'x at 882 ("We note also that Mr. Morris provided an explanation for not being able to name the officer on the Emergency Response Team: members of that Team do not wear name tags, and prison officials would not provide him with information to identify those officers.").

Until Settle complies with this Order, we won't allow him to conduct discovery into the identities of these fictitious Defendants. And, if he fails to provide us with enough information about these fictitious Defendants in his amended complaint, we'll dismiss these Defendants from the case without further notice.

### III. Joinder

Lastly, Settle has improperly joined Sergeant Rogers as a Defendant. Rule 20 of the Federal Rules of Civil Procedure allows defendants to be joined in the same action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* if "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). We have "discretion to deny joinder" if we find that "the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013) (Howard, J.) (cleaned up).

Nine of Settle's claims "arose [out of] Okeechobee Correctional Institution," Compl. at 40 (cleaned up), and several of the Defendants work there, *see id.* at 2–3 (alleging that "Sergeant Yates," "C.O. Dunn," "C.O. Cannado," and "Sergeant Hernandez" are employed by "Okeechobee Correctional Institution"). Settle avers (among other things) that Yates "paid [an] inmate . . . to stab" him, *id.* at 35; that Hernandez "failed to protect" him from the hostile inmate, *ibid.*; and that Yates, Dunn, and Cannado "paid [another] inmate . . . to rape and/or sexually assault" him, *id.* at 36. Crucially,

7

these incidents purportedly occurred at Okeechobee C.I *before* Settle's "transfer to Florida State Prison" in Raiford, Florida, around February 5, 2025, *id.* ¶ 84. Settle then asserts four *entirely unrelated* counts against Rogers—the only Defendant employed at Florida State Prison—in which he alleges that Rogers "failed to protect [him] from an inmate"; made "retaliatory threats to [Settle]'s life," including threatening "to gas [him] with chemical agents"; and "fail[ed] to provide [Settle] with pain medication for a serious back injury[.]" *Id.* at 37 (cleaned up).

These four counts against Rogers fail Rule 20's requirements. For one thing, given Settle's transfer to Florida State Prison, his claims against Rogers didn't arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the claims that arose from his stint at Okeechobee C.I. *See* FED. R. CIV. P. 20(a)(2)(A). For another, there don't seem to be "any question of law or fact common" between Rogers and the Defendants who are employed by Okeechobee C.I., *id.* 20(a)(2)(B), since their alleged violations are totally different, *see Daker v. Holmes*, 2022 WL 2129076, at *6 (11th Cir. June 14, 2022) ("[W]hile it may be true that all of these individuals allegedly violated his rights in the same way, giving rise to the same cause of action, the facts underlying the violations were different. That the defendants merely worked for the same municipal government—in *separate* offices in *separate* roles at *separate* times—does not create a common question of fact." (emphases added)). While Settle concedes that "new claims arose" at Florida State Prison, he insists that his "new claims [against Sergeant Rogers] were directly related . . . to [his] original claims" of "retaliation[.]" Compl. at 40 (cleaned up). But nothing in the Complaint demonstrates that his Okeechobee C.I. retaliation claims are in any way related to his Florida State Prison claims. *See generally* Compl. In his amended complaint, Settle must explain this connection. If he doesn't, we'll sever Settle's claims against Rogers and require Settle to file a separate lawsuit only as to Rogers.

\*   \*   \*

We therefore **ORDER AND ADJUDGE** as follows:

8

1. By **July 23, 2025**, the Plaintiff must file an amended complaint correcting the deficiencies we've identified in this Order. The amended complaint must be no longer than **20 double-spaced pages**, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claim for relief, a basis for federal jurisdiction, and a demand for judgment. The amended complaint must also include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs. The Clerk is **DIRECTED** to attach a copy of this Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

2. The amended complaint must be labeled "Amended Complaint" and must reflect the case number referenced above, so that it will be filed in this case. The Court will only consider the claims raised in the amended complaint, which will be the operative pleading for the rest of this case. The Plaintiff may not incorporate by reference past claims.

3. The Plaintiff's failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

4. Settle's IFP Motion [ECF No. 3] is **DENIED as moot**. Settle must refile his IFP motion when he files his amended complaint.

5. The Clerk's Office shall **administratively CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case once all of the Defendants have been served.

**DONE AND ORDERED** in the Southern District of Florida on June 30, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Justin W. Settle, *pro se*